MUSKINGUM WATERSHED CONSERVANCY DISTRICT, APPELLEE, *v.* THE OHIO POWER CO., APPELLANT.

(Decided May 4, 1937.)

*Mr. Henry W. Harter, Jr.,* and *Mr. James E. Patrick,* for appellee.
*Messrs. Kinsey & Allebaugh,* for appellant.

MONTGOMERY, P. J. On November 21, 1936, the Conservancy Court rendered its finding, order, judgment and decree approving and confirming the report of the board of appraisers theretofore appointed. On November 28, 1936, The Ohio Power Company gave written notice of its appeal therefrom and demand for a jury trial under the provisions of Section 6828-34, General Code. On the same day it filed bond in the sum of $100, being the amount theretofore prescribed by the court as to all such appeals.

On December 23, 1936, the Muskingum Watershed Conservancy District filed a motion before the Conservancy Court alleging that the property of The Ohio Power Company affected by the order hereinbefore

mentioned lay in six counties of the district, to wit, Coshocton, Guernsey, Harrison, Morgan, Muskingum and Tuscarawas and in its motion it prayed that The Ohio Power Company "be required to elect as to the county in which the lands are situated with respect to which this appeal is filed, and that it shall further state definitely from what part of the order it appeals." On January 30, 1937, the Conservancy Court sustained this motion, specifically ordering The Ohio Power Company to amend its written demand for a jury trial, "by stating definitely from what part of the order of the court this appeal is taken and in what county it demands a jury trial." It was further ordered that the amendment be made within thirty days from the date of that order, and that otherwise the appeal stand dismissed.

On February 6, 1937, The Ohio Power Company filed a motion in the Conservancy Court for an order to permit it to amend its notice of appeal by making a demand for jury trial in all the counties of the district in which its property was located and to amend its bond by increasing the same to $100 for each of the counties within which it has property located. The record does not disclose whether any action was taken upon this last motion.

On February 16, 1937, an appeal was perfected to this court from the order of the Conservancy Court of January 30, 1937, hereinbefore mentioned.

Thereafter, on February 24, 1937, The Ohio Power Company filed in the Conservancy Court what it termed "amended written demand for a jury trial, and election of The Power Company." This demand recited that it was made under the requirements of the order of January 30, 1937, but was made under protest and solely by reason of said order, and in its amended demand for jury trial under Section 6828-34, General Code, it elected to proceed in Muskingum

county as "to benefits and the amount thereof as to its said lands, real estate and property located in Muskingum county," etc.

On April 23, 1937, the appellee filed in this court its motion to dismiss the appeal heretofore perfected to this court, on the ground that by the election of the appellant filed February 24, 1937, and hereinbefore noted, the appellant has made its election, and the question here presented has become moot.

We see no merit in this motion. The election was filed under protest and solely by reason of the order from which the appeal was perfected, and this order on its face recited that, unless the election were made within thirty days, the appeal demanded under the authority of Section 6828-34, General Code, should stand dismissed. Certainly the appellant is not to be penalized by filing this amended demand in view of this situation. It could, in the protection of its rights, have done no less. Counsel for the appellee in their brief, discussing this situation, say:

"On the other hand, had this court found it necessary to dismiss this appeal, under the law, and the state of this case, then the time limited under the order of the Conservancy Court within which election might be made having expired, the appellant would have been without authority or right to make any election; nor would the appellee have been under any duty to bring any appropriation suit, so that the awards made by the appraisers on their report would have been final and binding upon the appellant."

This frank admission by counsel for the district as to what might have been the effect of the failure to file this election seems to us a sufficient answer to the motion to dismiss the appeal.

The motion to dismiss is overruled.

It is the contention of the appellant that, upon the filing of its one general notice of appeal under Section

6828-34, General Code, from the findings of the Conservancy Court against it, and the giving of bond by it, the duty was automatically imposed upon the Conservancy Court to order the beginning of proceedings in each of the counties wherein was located property of The Ohio Power Company affected by the order of the Conservancy Court.

We find no provision in this Conservancy Act authorizing any variation from the general rule that there can be no appeal from one part of an order as distinguished from the whole of the order.

Section 12223-15, General Code, does provide for a separate appeal when the interest of a party is separate and distinct from that of all the others in the suit, and, when he desires to appeal his part, such appeal shall be allowed by the court.

This section supersedes old Section 12231, General Code, and Section 5232 of the Revised Statutes of Ohio, on the same subject, which antedated the code, and which sections have been construed by various courts.

This statement appears in the syllabus of the case of *Wright* v. *Western Union Telegraph Co.*, 4 C. C., 375, 2 C. D., 604:

"Our statute contemplates and provides for an appeal from the whole of a decree, unless the interest of one of several parties is separate and distinct from that of the other party or parties, in which case, if he desires to appeal the part of the case in which he is interested, it may be done. But in no case when the decree is entire, can he appeal from one part of a decree against him, leaving that part favorable to him to stand unaffected."

To the same effect is the holding in the case of *International Leather Co.* v. *Patton Co.*, 13 C. C. (N. S.), 292, 22 C. D., 618, the syllabus of which is:

"There is no statutory authority for splitting up a

cause, in order that an appeal may be taken from that part of the judgment which is unfavorable and leave standing the part which is favorable.''

Attention is directed also to the case of *Branch* v. *Dick,* 14 Ohio St., 551, at page 557.

It is the right of every landowner to have any condemnation or benefit case affecting his property tried in the county where such property is located. That recognized right is specifically announced in this Section 6828-34, which says:

''Upon demand for a jury the court shall order the directors to at once begin condemnation proceedings, according to law, in the county in which the lands are situated which are sought to be condemned or appraised in the Court of Common Pleas of such county, which suit shall be proceeded with in accordance with the statute regulating appropriation by other than municipal corporations. And said court shall have full jurisdiction to act.

''In case an appeal is taken to a jury from the assessment of benefits, the court shall direct the directors to present a petition embodying the facts and the claim they make in short form, which shall be filed in the county in which the land is situated.''

We can see no authority and no reason for the contention that such a suit affecting property in one county should be tried in another county, even though the same owner may own affected property located in such other county. Nor can it be urged with reason that there can be a jury trial as to property located in one county only.

It is contended by the appellee that only one bond, and that in the sum of $100, was given, and that that could not be adequate in six counties. It is to be observed that The Ohio Power Company has tendered a bond of $100 in each of the counties, although we are of the opinion that this was not necessary, and it

may be contended that this offer was not made in time.

The statute itself provides for a maximum bond in the sum of $200, and it might well be argued that $200 would be inadequate. The Conservancy Court fixed $100. We see no merit in this suggestion of inadequacy of bond.

It is the judgment of this court that the appellant has a right to have questions affecting any part of its property tried in the county in which such property is located, and that upon the filing of its notice of appeal under Section 6828-34, General Code, and the giving of the prescribed bond, it then became the duty of the Conservancy Court to direct the institution of the suits in all the counties where the affected property of The Ohio Power Company might be situated.

It follows that the motion to dismiss the appeal is overruled, and the judgment of the lower court is reversed, and this cause is remanded to that court for further proceedings in conformity with this opinion.

*Judgment reversed and cause remanded.*

SHERICK and LEMERT, JJ., concur.